Rhonda K. Wood, Justice, dissenting. |7I dissent for two reasons. First, although the majority opinion is vague at best on this issue, Adams does not control this case. See Adams v. Cameron Mutual Insurance Co., 2013 Ark. 475, 430 S.W.3d 675. Second, an indemnity insurance policy that defines actual cash value to include the depreciation of labor does not violate Arkansas public policy. This is not an area of paramount public concern where the court should offend traditions of separation of powers and create public policy. The majority rewards the Goodners by giving them the benefits of an insurance policy they declined to purchase. In Adams, we answered the following question of law from the federal court: whether an insurer in determining the “actual cash value” of a covered loss under an indemnity insurance policy may depreciate the costs of labor when the term “actual cash value” is not defined. Id. (emphasis added). The majority contends that the holding in Adams “applies with equal weight here.” In other words, the majority claims the court in Adams answered a question broader than the certified question presented. I believe it did not. Adams stands for the limited proposition that where an indemnity policy does not define actual cash value, and both the insurer and the insured offer differing reasonable interpretations of that term, the interpretation most favorable to the insured applies. Because the Goodners’ policy contained an express provision defining actual cash value and depreciation, this case is distinguishable, and Adams is not controlling. The majority also extends Adams to hold that a policy that provides for the depreciation of labor violates established principles of indemnity. However, their conclusion |8is based on a comment in Adams, which, in turn, is based on a dissenting opinion from the Oklahoma Supreme Court. That comment was dictum, as that issue was not before the court. See Ward v. Williams, 354 Ark. 168, 118 S.W.3d 513 (2003); Smith v. City of Little Rock, 279 Ark. 4, 648 S.W.2d 454 (1983). This court is not bound by obiter dictum even if it is couched in terms that imply the court reached a conclusion on the matter. Byme, Inc. v. Ivy, 367 Ark. 451, 241 S.W.3d 229 (2006). Accordingly, the majority’s reliance on Adams as precedent is erroneous. Second, the actual cash value policy which provided for the depreciation of labor does not violate public policy. As this court has stated, “[a]n insurer may contract with its insured upon whatever terms the parties may agree which are not contrary to statute or public policy.” Aetna Ins. Co. v. Smith, 263 Ark. 849, 852-53, 568 S.W.2d 11, 13 (1978). The Goodners argue that Arkansas law and policy prohibit the depreciation of labor. This court has explained that a contract is against public policy only if it is “injurious to the interests of the public or contravenes some established interest of society or some public statute, or is against good morals, or tends to interfere with the public welfare.” Guar. Nat’l. Ins. Co. v. Denver Roller, Inc., 313 Ark. 128, 138, 854 S.W.2d 312, 317 (1993). We have stated that a matter of public policy lies almost exclusively in the legislative domain. E.g,, Minn. Mining & Mfg. v. Baker, 337 Ark. 94, 989 S.W.2d 151 (1999). The decision of the General Assembly in that regard will not be interfered with by the courts in the absence of “palpable error” in the exercise of the legislative judgment. Id.; State Farm Mut. Auto. Ins. Co. v. Henderson, 356 Ark. 335, 342, 150 S.W.3d 276, 280 (2004); Jordan v. Atl. Cas. Ins. Co., 344 Ark. 81, 40 S.W.3d 254 (2001); Norton v. Hinson, 337 Ark. 487, 989 S.W.2d 535 (1999); McDonald v. Pettus, 337 Ark. 265, 988 S.W.2d 9 (1999)(emphasis added). There was no palpable error here. The Arkansas legislature enacts public policy through its statutes, and there is no statute on the depreciation of labor. Nor can we say that this contract term interferes with the public welfare to the extent that we would take the unprecedented step of creating public policy in the absence of legislation. Shelter and the Goodners were free to contract as to policy terms. See Couch v. Farmers, Ins. Co., 375 Ark. 255, 289 S.W.3d 909 (2008). Today there is a vast marketplace of insurance providers and policies. Some providers and some policies provide greater restrictions and exclusions than others. Typically, policies with lower premiums have greater restrictions on coverage. The Goodners had the option to choose between an actual cash value and a replacement costs policy. They chose the cheaper actual cash value policy, which unambiguously stated that Shelter would deduct depreciation. This included depreciation for labor, which the policy also clearly defined. The premiums on the Goodners’ policy were calculated based on the policy terms. Nevertheless, the Good-ners claim they are entitled to an inflated actual cash value. They want to be reimbursed the actual value of the tangible items and the replacement costs of the labor. This was not the bargained for exchange. The Goodners should not get the benefit of the greater policy coverage without paying the greater premium. The Goodners’ decision to elect for less coverage is not a palpable error that offends the public welfare, thus requiring this court to take the extraordinary step of voiding it on public policy grounds. | Accordingly, I dissent. Brill, C.J., joins.